IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
Case No. 3:16-cv-353-DJH

| | |
|---|---|
| SUFAYE D. JONES<br>4446 Charlotte Ann Drive<br>Louisville, Kentucky 40216 | PLAINTIFF |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC<br>1550 Peachtree Street, N.W.<br>Atlanta, Georgia 30309 | DEFENDANT |
|     SERVE:   CSC-Lawyers Incorporating Service Co.<br>                    421 W. Main St.<br>                    Frankfort, KY 40601<br>                    (BY CERTIFIED MAIL) | |

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Sufaye D. Jones, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiff's disputes regarding alleged medical collections accounts.

### II. PARTIES

2.    Plaintiff, Sufaye D. Jones, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 4446 Charlotte Ann Drive, Louisville, Kentucky 40216.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In December 2015, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report. Plaintiff's Equifax credit report contained two tradelines furnished by GLA Collection Co. which referenced GLA accounts ending in 8430 and 1220, and an unspecified medical collections account ending in 0838.

9. Immediately upon discovering the GLA tradelines and the unspecified medical collections account tradeline, Plaintiff disputed the tradelines with Equifax stating that the alleged medical accounts were not Plaintiff's accounts.

10. In January 2016, Equifax responded to Plaintiff's disputes. In its response, Equifax stated that it investigated and verified or deleted certain accounts on Plaintiff's Equifax credit report. Equifax, however, did not investigate the above-referenced accounts and thus did not amend or delete its reporting of the subject accounts.

11. Equifax's false reporting and its failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligence

12. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Equifax's failure to properly investigate Plaintiff's disputes and its consequent failure to delete or amend its reporting of the subject tradelines, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the tradelines, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

14. Equifax's negligent failure to properly investigate Plaintiff's disputes of the reporting of the subject tradelines and its consequent failure to delete or amend its reporting of the subject tradelines have caused, and continue to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

15. Equifax's failure to properly investigate Plaintiff's disputes of Equifax's reporting of the subject tradelines and its consequent failure to delete or amend its reporting of the subject tradelines, despite Plaintiff's lawful disputes to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation

16. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Equifax, with knowledge of the falsity of its statements, has published and continues to publish false statements to individuals and/or entities who have accessed Plaintiff's Equifax credit report that the subject tradelines have balances due and owing. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

18. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

19. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation

of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

25. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Sufaye D. Jones, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Sufaye D. Jones, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Sufaye D. Jones

COMMONWEALTH OF KENTUCKY       )
                                                                ) SS
COUNTY OF JEFFERSON                  )

Subscribed, sworn to and acknowledged before me by Sufaye D. Jones this ____ day of _____, 2015.

_____
Notary Public

Commission expires:_____